### 18298. LAMBERT v. THE STATE.

There being evidence to support the verdict, finding the accused guilty of having possession and control of intoxicating liquors, this court is bound to hold that the trial judge did not err in overruling the motion for a new trial, based solely upon the general grounds.

DECIDED JULY 26, 1927.

Possessing liquor; from city court of Albany—Judge Clayton Jones. June 8, 1927.

Criminal Law, 17 C. J. p. 271, n. 41.

*Bennet & Peacock,* for plaintiff in error.

*R. E. L. Spence Jr., solicitor,* contra.

LUKE, J.    A. C. Lambert was convicted of a violation of the prohibition statute.    The evidence upon which the verdict rested was substantially as follows:  Police officer Campbell testified, that he saw defendant on April 15, 1927; that he and officer Cowan were in the rear of a house on the east side of Jackson street in the City of Albany; that this street runs north and south; that there was an old toilet in the rear of the house, but witness did not believe it was being used, as it was full of paper; that just a few feet north of this toilet were other toilets that were being used; that on the east side of Jackson street there was a row of negro houses, which were close together; that the liquor found was in four one-gallon jugs, one of which had a small quantity of liquor out of it; that the jugs were found in said toilet; that witness and Cowan had been down at this place watching this toilet from about 8 o'clock in the morning until the defendant came there between 10:30 and 11 o'clock at night; that this toilet was from about four to six feet in depth from north to south, and faced north, the door being in the middle of it on the north side; that there was a fence running just a few feet north of the toilet, and so close to it that it was impossible to open the toilet door and stand inside in front of the door, and that to open the door one would have to get on one side, because the fence was so close to the toilet; that he was standing near the southeast corner of the toilet when the defendant came up east of the toilet door, opened it, and stooped down and picked up one of the jugs of whisky; that witness flashed his light and the defendant dropped the jug; that the defendant had in his right hip-pocket a milk bottle; and that at about the time the light was flashed on the defendant he put his hand back towards his pocket and immediately dropped the liquor.    The defendant stated that he did not know that the whisky was in the toilet; that he knew nothing about it; that he was there solely for the purpose of using the toilet; that he did not put his hand on his hip, as stated by the State's witness, and that he did not pick up the jug of liquor.

Do these facts make a case?    We think so.    At least we can not say there was no evidence to authorize the defendant's conviction, which has the approval of the trial judge.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*